488 So.2d 129 (1986)
Wayne J. EPPRECHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-494.
District Court of Appeal of Florida, Third District.
May 6, 1986.
*130 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
The State and the defendant propose that the test to be applied by a reviewing court in respect to the primary sentencing issue here involved is that the State has the burden to show from the record as a whole that the trial judge did not rely upon impermissible considerations in passing sentence upon the defendant where portions of the record reflect that the trial judge may have so relied. We adopt this as the proper test and, applying it here, reverse the defendant's sentence and remand for resentencing before a different judge.[1]
The transcript of the sentencing hearing reveals, without dispute, that the trial court may have considered two impermissible factors in imposing sentence: its belief that the defendant likely had committed previous acts of violence although the defendant had never been charged with committing any such acts, much less convicted of committing such acts, and its belief that the defendant was guilty of an offense of which he had been acquitted.
In response to defense counsel's mitigating statement that the defendant had never injured anyone during any offense (the defendant having been convicted of two prior drugstore robberies), the court remarked, "He hasn't hurt anyone that we know about." When the defendant protested that "I never hurt anybody in my life," the trial judge said:
"Usually with people such as yourself, Mr. Epprecht, who have been found *131 guilty in so many cases, there are probably many other charges that we don't even know about."
Additionally, the judge said that the defendant's attorney "has learned his craft well and has done an excellent job for you, Mr. Epprecht... . I know that he also represented you in another case where you were found not guilty, and I must tell you that I as the judge, I thought you were guilty of that charge."
Turning first to the trial court's candid statement of its belief in defendant's guilt in a prior case in which defendant had been acquitted, it is fundamental that the due process clause prohibits a court from considering charges of which an accused has been acquitted in passing sentence. Townsend v. Burke, 334 U.S. 736, 740, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693 (1948). In Berry v. State, 458 So.2d 1155, 1156 (Fla. 1st DCA 1984), the court ordered a resentencing where "[t]he transcript of the sentencing hearing reflect[ed] that the trial judge had presided at Berry's previous trials which resulted in acquittals but that the trial judge was of the opinion that the juries were incorrect in their verdicts and that Berry was actually guilty of the prior offenses." See also Crosby v. State, 429 So.2d 421, 423 (Fla. 1st DCA 1983) (trial court consideration of defendant's prior arrests "not leading to convictions as evidence of guilt" required resentencing).
Turning next to the court's equally candid speculation that the defendant probably committed other crimes that we do not know about, it is clear that this too is an impermissible sentencing consideration. United States v. Cavazos, 530 F.2d 4 (5th Cir.1976); see also United States v. Tobias, 662 F.2d 381, 388 (5th Cir.1981), cert. denied, 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982).
Because we are "not at liberty to assume that items given such emphasis by the sentencing court, did not influence the sentence," Townsend v. Burke, 334 U.S. at 740, 68 S.Ct. at 1255, 92 L.Ed. at 1693, it befalls the State, as we have said, to convince us that these items played no part in the sentence imposed in the present case. While most assuredly there is more than ample justification for the sentence imposed, and our remand in no way precludes this or some equivalent sentence, we are not convinced, as we must be, that these impermissible items played no role in the sentence. The trial judge's comment, following his remark that he personally believed the defendant to have been erroneously acquitted in a prior case, that "[i]n any event, you have been found guilty in this case of two counts of armed burglary... ." is the slim, nearly invisible reed upon which the State hangs its argument that the trial judge was not influenced by the impermissible factor. While the ambiguous phrase "in any event" might signal that the trial judge was disconnecting the punishment about to be meted out from his previously expressed musings on the defendant's good fortune in being acquitted when really guilty, it might have also been no more or less, as the defendant urges, a verbal pause. In any event, we cannot be sure; and, in any event, these same words, or any like words, did not follow the trial judge's comments about all of the undetected crimes that the defendant probably committed.
Accordingly, the case is reversed and remanded for resentencing. The State has commendably suggested that in the event of a remand for resentencing, the defendant should be resentenced by another judge "to preclude any perception on [his] part that the resentencing may not be conducted in a completely fair and impartial manner... ." Berry v. State, 458 So.2d at 1156. We adopt the State's suggestion.
Reversed and remanded.
NOTES
[1] The defendant was sentenced on two counts of armed robbery to consecutive terms of life and 99 years of imprisonment, with the trial court retaining jurisdiction over one-third of the 99-year sentence. The defendant contends that under Section 947.16(3), Florida Statutes (1983), the retention of jurisdiction on one of several consecutive sentences is prohibited, and since jurisdiction over a portion of a life sentence cannot be retained, retention is therefore prohibited when a life sentence is imposed in a multi-count consecutive sentence case. Because we are remanding for resentencing, we do not address this contention. Furthermore, we do not pass upon the question of whether the defendant having elected to be sentenced without the benefit of the sentencing guidelines, may upon remand revoke that election.