RYDER, Acting Chief Judge.
Appellant was charged with second degree murder with a firearm. The jury returned a verdict of guilty of manslaughter. The trial court entered a judgment of guilt and departed from the recommended presumptive sentence of three to seven years’ incarceration by sentencing appellant to twelve years’ imprisonment. The trial court gave the following three reasons for departure:
1. The defendant committed the crime of manslaughter, by using a firearm.
2. The manner in which the defendant pointed and discharged a loaded weapon in a public parking lot when he knew that numerous innocent people were within striking range of that weapon, and when he knew that he was in no immediate danger of physical harm to himself shows that the defendant knowingly created an extreme and totally unreasonable risk of injury or death to the many people who were in the immediate area.
3. A sentence within the recommended range of three to seven years is woefully inadequate to deter others from committing a similar act.
Appellant appeals the trial court’s departure from the presumptive guidelines range.
Reason # 1 is invalid. Although appellant was charged with second degree murder with a firearm, the jury convicted him only of manslaughter. Because the jury neither convicted him of a crime necessarily involving the use of a firearm nor entered a special verdict indicating such use, the reference to a firearm is a factor relating to the instant offense for which a conviction has not been obtained. State v. Tyner, 506 So.2d 405 (Fla.1987); Dawkins v. State, 487 So.2d 63 (Fla. 2d DCA 1986).
Reason # 2 may be valid but is not sufficiently articulated. This type of reason has been held valid when supported by the record. Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984).
Reason #3 is not a “reason,” but merely a conclusion by the trial judge that departure is justified. Scott v. State, 508 So.2d 335 (Fla.1987).
We hold the trial court departed from the presumptive guidelines sentence without stating clear and convincing reasons. We reverse and remand for resentencing within the guidelines unless valid reasons for departure are sufficiently articulated.
We have considered appellant’s second point on appeal and find it to be without merit. Appellant argued that the trial court at sentencing was influenced by evidence of an unrelated incident, as was the trial court in Epprecht v. State, 488 So.2d 129 (Fla. 3d DCA 1986). Unlike the record in Epprecht, there is nothing in the record in the instant case to indicate that the trial court impermissibly considered evidence of an unrelated incident in sentencing appellant.
Affirmed in part; reversed in part and remanded for resentencing.
CAMPBELL and SCHOONOVER, JJ., concur.