546 So.2d 1071 (1989)
Genaro Muniz VARA, Appellant,
v.
STATE of Florida, Appellee.
No. 87-03355.
District Court of Appeal of Florida, Second District.
June 2, 1989.
Rehearing Denied July 24, 1989.
Thomas J. Wood and Lawrence D. Martin of Vega, Brown, Stanley & Martin, P.A., Naples, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
*1072 DANAHY, Judge.
In this appeal from a departure sentence for a conviction of second degree murder, Genaro Muniz Vara contends that the trial court erred in sentencing him to a prison term in excess of the recommended guidelines range without providing written reasons. He is correct. Sentencing guidelines case law makes clear that this was reversible error. State v. Jackson, 478 So.2d 1054 (Fla. 1985); Harris v. State, 531 So.2d 1018 (Fla. 2d DCA 1988). The appellant also contends that, in any event, the departure reasons, which the court pronounced orally at the sentencing hearing, are invalid. Because we must reverse and remand for the entry of written reasons for departure, if the court chooses again to depart on resentencing, we briefly address the reasons on which the trial court relied.
The testimony at trial showed that the appellant, who had been living with the victim, Adela Ramos, shot her in their residence in front of her four young children. After shooting her once, appellant ordered the children to stay seated on the couch in the living room where they were while he pursued their mother through other rooms in the house shooting her again and again until she finally died in the utility room.
The first departure reason discussed by the judge was that the killing was done in an excessively cruel, merciless, and ruthless manner. Davis v. State, 517 So.2d 670, 673 (Fla. 1987), states that the cruelty towards the victim may justify departure in some circumstances. Davis discussed the cruelty of the crime there but found that the defendant's shooting of her husband while he was asleep and thereafter leaving the home instead of assisting him did not show such cruelty because her acts were subsequent to the crime itself. Also, in Davis, "there was no evidence that the victim was aware of the impending attack." Id. at 673. We find that the facts of the instant case differ materially from Davis in cruelty toward the victim and therefore justify departure.
The court's second reason for departure is based on the fact that the four children were eyewitnesses to the appellant's shooting of their mother. While the facts in Davis are different from those in the instant case,[1]Davis would also allow this reason if the facts demonstrating it were proven beyond a reasonable doubt. Id. citing Casteel v. State, 498 So.2d 1249 (Fla. 1986), and State v. Mischler, 488 So.2d 523 (Fla. 1986); see also, Mora v. State, 515 So.2d 291 (Fla. 2d DCA 1987). The trial court had the children's victim impact statements before it and could find, based upon these statements and the facts of the case, that the children suffered extreme emotional trauma as a result of this horrible scene inflicted upon them by the appellant. This second reason is also a valid reason for departure.
The trial court's third and last reason for departing is that many people were endangered by the way the crime was committed, namely the four children who were present in the living room when the appellant fired the first shots. This can be a valid reason for departure if sufficiently articulated and supported beyond a reasonable doubt in the record. Green v. State, 545 So.2d 359 (Fla. 2d DCA 1989); Staten v. State, 500 So.2d 297 (Fla. 2d DCA 1986); see also McCammon v. State, 510 So.2d 657 (Fla. 2d DCA 1987); cf. Raulerson v. State, 420 So.2d 567 (Fla. 1982) cert. denied 463 U.S. 1229, 103 S.Ct. 3572, 77 L.Ed.2d 1412, reh'g denied, 463 U.S. 1249, 104 S.Ct. 38, 77 L.Ed.2d 1457 (1983) (statutory aggravating circumstance in death penalty case of great risk of death to many persons satisfied where four nonparticipating, unarmed and innocent people present during shoot-out between defendant and police in restaurant). The record in the case before us supports the validity of this third reason.
The appellant's conviction is affirmed, but his sentence is vacated. We remand the case to the trial court for entry of a written departure order delineating these three valid departure reasons if it so *1073 chooses. We agree with the Fifth District Court of Appeal that nothing in Shull v. Dugger, 515 So.2d 748 (Fla. 1987), prohibits the trial court from articulating in writing previously pronounced valid departure reasons upon resentencing. Pope v. State, 542 So.2d 423 (Fla. 5th DCA 1989).
SCHEB, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] In Davis, there was no evidence that the son actually witnessed his mother's shooting of his father because he was asleep in a different room at the time.