647 So.2d 1066 (1994)
Rodney COOK, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2041.
District Court of Appeal of Florida, Third District.
December 28, 1994.
Bennett H. Brummer, Public Defender, and Julie M. Levitt, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark C. Katzef, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and LEVY, JJ.
BARKDULL, Judge.
Appellant seeks review of a sentence imposed on resentencing.
Rodney Cook was tried and found guilty of first degree murder. That conviction was overturned by this court.[1] On retrial Cook was found guilty of manslaughter without a firearm and the trial court imposed a departure sentence. Cook once again appealed. This court affirmed Cook's conviction and *1067 remanded for resentencing within the guidelines.[2] At the hearing on resentencing the prosecutor stated that Cook had been the shooter and that others, who were tried separately, in this case had been found not to be the shooters yet they still received life sentences with twenty-five year minimum mandatories. Defense counsel objected. The prosecutor stated that the court should look to the proportionality of the charge since Cook was the shooter. Defense counsel again objected. The trial court stated that "considering that the victim had a bullet in his body, that is certainly a difficult verdict to understand, there is no doubt. I think the verdict is more a tribute to your [defense counsel's] skills as a persuader than the tribute to the truth." Further, the court stated "Okay. I remember the case very clearly. And again, we all have been here long enough to know that sometimes the verdicts of juries are not necessarily explainable after they come back. From every thing that I remember about this case, the verdict appeared to be what we customarily refer to as simply a jury pardon. Why? I don't no. I wasn't in there." Finally, the trial court stated that it felt it appropriate to impose the maximum permitted sentence and sentenced Cook to fifteen years in the state penitentiary.
The trial court may not rely upon impermissible considerations when sentencing a defendant. The trial court may not take into consideration, when sentencing a defendant in a criminal case, offenses for which the defendant has been acquitted. See Epprecht v. State, 488 So.2d 129 (Fla. 3d DCA 1986); see and compare Reese v. State, 639 So.2d 1067 (Fla. 4th DCA 1994). "It is fundamental that the due process clause prohibits a court from considering charges of which an accused has been acquitted in passing sentence." Epprecht, 488 So.2d at 131; See and compare Reese.
"[T]he test to be applied by a reviewing court in respect to the primary sentencing issue here involved is that the State has the burden to show from the record as a whole that the trial judge did not rely upon impermissible considerations in passing sentence upon defendant where portions of the record reflect that the trial judge may have so relied." Epprecht, 488 So.2d at 130.
Based on the record and the trial court's candid remarks it cannot be said that the trial court did not take into consideration impermissible factors in sentencing Cook. See Reese; Epprecht. In an attempt to meet its burden the state argues that the trial court's statements "do not show that the trial court actually relied upon the impermissible consideration that the defendant was the `shooter' when it later sentenced him." Further, the state explains that the trial court was merely expressing its surprise at the verdict. Finally, the state concludes that the trial court did not err because "when the trial court sentenced the defendant, it did so without making any statement or reference that it was of the opinion that the defendant was the `shooter,' or that it was considering such in passing sentence upon him." The state misconstrues the standard of review. Cook need not show that the trial court actually relied upon impermissible considerations in sentencing him, the state must demonstrate that the trial court did not. Epprecht.
Accordingly, we reverse and remand for resentencing. On resentencing Cook should be sentenced by another judge "to preclude any perception on [his] part that the resentencing may not be conducted in a completely fair and impartial manner." Epprecht, 488 So.2d at 131.
Reversed and remanded with instructions.
NOTES
[1] Cook v. State, 595 So.2d 994 (Fla. 3d DCA 1992).
[2] Cook v. State, 632 So.2d 86 (Fla. 3d DCA 1994).