PER CURIAM.
Michael Persaud timely appeals his upward departure sentence, contending that the reasons advanced by the trial court were not supported by the evidence. He seeks a reversal so that a guidelines sentence can be imposed by a different judge, “one who can follow the law and sentence without bias or prejudice.”
Appellant was charged with first-degree premeditated murder with a firearm and robbery with a firearm. Following a jury trial, he was found guilty of robbery with a firearm. Appellant does not contest his conviction, he only contests the upward departure sentence he received for his conviction.
This case involves the armed robbery of five victims by a street gang, appellant being one of the members of the gang. The gang members followed the victims home with the intention of robbing them. The five victims were all in one car and had just arrived home after a night of celebrating the upcoming wedding of two of the victims, Richard Miller and Nancy Brady. Appellant, armed with a firearm, approached the victims in the car and threatened to blow their heads off, while demanding that they open the door of the vehicle and give them their property. Miller was outside the car and the other four were still inside the car. During the course of the robbery, two shots were fired, one of which killed Miller.
The guidelines score sheet reveals that appellant’s presumptive sentence range is 69.4 to 115.7 months’ imprisonment. The trial court imposed a departure sentence of life imprisonment with three years minimum mandatory for the firearm,- with the following reasons given for the departure:
(1) The robbery was “one of violence” and was committed in a “heinous, atrocious or cruel” manner.
(2) Persaud occupied a leadership role in a criminal organization.
(3) The robbery created a substantial risk of death or great bodily harm to many persons.
(4) The victims were especially vulnerable, because they were trapped in a vehicle.
(5) Victim Nancy Brady suffered extraordinary emotional trauma.
(6) Victims Richard Miller, Arthur Miller, and Brandon Steele were robbed in the presence of family.
(7) Persaud induced Cesar Collazo, a minor, to participate in the robbery.
Most of the trial court’s reasons for the upward departure sentence are legally sufficient provided that the facts supporting the reasons are established by a preponderance of the evidence. §§ 921.001(6), 921.0016(3)(b),(f),(i) & (q), Fla. Stat. (1995). When multiple reasons are proffered to support a departure, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of other circumstances or factors found not to justify the departure. § 921.001(6), Fla. Stat. (1995).
The appellant argues that the trial court improperly considered the fact of the death of victim Richard Miller in imposing the departure sentence. The trial court, however, specifically recognized that “the case law is quite clear that under these circumstances, the court is not allowed to consider the death of Richard Miller in [the] sentencing of Mr. Persaud.” The trial court further acknowledged that the “question presented to the court is whether the sentencing guidelines in this case are appropriate for the robbery of [the victims].” Accordingly, the trial court properly considered only the crime of armed robbery for which defendant was convicted in imposing sentence and did not consider the felony murder charge for which the appellant was acquitted. Cf. Epprecht v. State, 488 So.2d 129 (Fla. 3d DCA 1986), and cases cited therein.
*1007 Appellant farther argues that none of the trial court’s proffered reasons for departure may stand, “because none has sufficient evi-dentiary support.” Without analyzing every one of the seven reasons given for appellant’s departure sentence, we find that at least two of the reasons are clearly supported by a preponderance of the evidence.
One of the trial court’s proffered reasons for departure was the extraordinary emotional trauma suffered by victim Nancy Brady. After having carefully reviewed Brady’s testimony, we are satisfied the trial court did not abuse its discretion in finding by a preponderance of the evidence that this victim suffered extraordinary emotional trauma consistent with.paragraph ({) of subsection 921.0016(3), Florida Statutes (1995),
The trial court’s proffered reason that departure was warranted due to the appellant’s leadership role in a criminal organization is also supported by the evidence. Appellant, himself, testified that he was ranked as a right-hand enforcer within his gang, that there were only two positions like his, and that the only ranks above his were a “G loke” and captain. He also stated there were foot soldiers under him. Based on such evidence, the trial court did not abuse its discretion in finding by a preponderance of the evidence that the defendant held a leadership role in a criminal organization. See 921.0016(3)(f), Fla. Stat. (1995).
The departure sentence is affirmed.
AFFIRMED.
COBB, GOSHORN and PETERSON, JJ., concur.