789 So.2d 1209 (2001)
Titus SEAYS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3829.
District Court of Appeal of Florida, Fourth District.
July 18, 2001.
Carey Haughwout, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, for appellee.

On Motion for Rehearing
KLEIN, J.
We withdraw our opinion which was filed on May 30, 2001 and substitute the following opinion.
We affirm appellant's conviction for burglary of a conveyance with a battery but reverse for resentencing because of information which may have improperly influenced his sentence.
The victim in this case had lived with the appellant until the night before the burglary and battery. On the day that the jury found appellant guilty, the trial court observed that appellant had been charged with attempted murder of the same victim while he was out on bond in this case. The state responded that the new charge was based on an occurrence which took place within two days of the burglary and battery.
Several weeks later, at appellant's sentencing hearing, appellant asked for the bottom of the guidelines, 48.9 months, as this was his first felony conviction. In arguing for the top of the guidelines, the state reminded the trial court of the pending attempted murder charge, and the court responded "I understand serious charges are pending now on Mr. Seays." The state maintained, however, that it was not seeking a departure, only the top of the guidelines. The trial court imposed a sentence of 81.5 months, the highest permissible guideline sentence, and added that the incarceration period would be followed by five years probation.
Appellant argues that the trial court erred in considering the pending attempted murder charge in sentencing him.[1] He *1210 relies on cases such as Reese v. State, 639 So.2d 1067, 1068 (Fla. 4th DCA 1994)(consideration of "unsubstantiated allegations of misconduct" at sentencing "violates fundamental due process."); State v. Potts, 526 So.2d 63 (Fla.1988)("The state through its criminal process may not penalize someone merely for the status of being under indictment or otherwise accused of a crime.").
In Epprecht v. State, 488 So.2d 129, 130 (Fla. 3d DCA 1986), the trial court in sentencing considered charges for which the defendant had been acquitted, and the third district reversed explaining:
[I]t is fundamental that the due process clause prohibits a court from considering charges of which an accused has been acquitted in passing sentence. Townsend v. Burke, 334 U.S. 736, 740, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693 (1948).
The Epprecht court further stated:
The State and the defendant propose that the test to be applied by a reviewing court in respect to the primary sentencing issue here involved is that the State has the burden to show from the record as a whole that the trial judge did not rely upon impermissible consideration in passing sentence upon the defendant where portions of the record reflect that the trial judge may have so relied. We adopt this as the proper test and, applying it here, reverse the defendant's sentence and remand for resentencing before a different judge.
See also Cook v. State, 647 So.2d 1066 (Fla. 3d DCA 1994).
The state relies on Jansson v. State, 399 So.2d 1061 (Fla. 4th DCA 1981). In Jansson, the issue was whether the trial court had erred in considering prior arrests which were reflected in the presentence investigation report and other information. This court held, after considering federal law as well as cases from other jurisdictions:
[A] trial court can consider a defendant's prior arrests not leading to convictions for purposes of sentencing so long as the court recognizes that these arrests are not convictions or findings of guilt, and the defendant is given an opportunity to explain or offer evidence on the issue of his prior arrests.
Id. at 1064.
The present case is distinguishable from Jansson in that the trial court considered a subsequent arrest, not prior arrests. In addition, in Jansson the defendant was given the opportunity to explain the circumstances of the prior arrests and the sentencing judge also knew whether those arrests had resulted in convictions.
Applying the test adopted in Epprecht, which puts the burden on the state to show that the trial court did not rely on improper considerations in sentencing under these circumstances, we find that the state has not carried that burden. Accordingly, as we did in Reese, and as the third district did in Epprecht, we reverse and remand for resentencing by a different judge.
DELL and GUNTHER, JJ., concur.
NOTES
[1] Appellant asserts that he was acquitted of the charge and the state does not dispute it.