884 So.2d 547 (2004)
Jerry DOTY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-282.
District Court of Appeal of Florida, Fourth District.
November 3, 2004.
*548 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
WARNER, J.
We deny the motion for rehearing, withdraw our previously issued opinion and substitute the following in its place.
Appellant was convicted of false imprisonment, violating a domestic violence injunction, and battery. He raises two claims as to his convictions, neither of *549 which requires a reversal. As to his sentence he contends that the trial court improperly relied on charges of which he was acquitted. We hold that, given the court's statements at sentencing, the state failed to show that the court did not rely on this information. We reverse for resentencing.
Appellant was acquitted of the most serious charges against him, including sexual battery and burglary. The trial court sentenced appellant to five years imprisonment on the false imprisonment count, one year imprisonment for violating the injunction, and one year probation on the battery count, all to run consecutively. Appellant complains that the court relied on uncharged conduct and conduct of which he was acquitted in reaching its sentencing decision.
At sentencing, appellant presented several character witnesses, and his counsel informed the court that appellant had no prior record. The victim testified about her fears and an incident in which she said appellant violated another domestic violence injunction obtained by another woman. In the pre-sentence report, a detective referred to appellant as a "serial rapist." Appellant objected to this, as there was no evidence to support the allegation. The court did not rule on the objection. Before imposing the sentence the court said:
Well, it's quite true that Mr. Doty has no criminal history. It's also true that there are many people in the community that think very highly of him.
He was, of course, acquitted of the most serious charges; however, he was convicted of a felony and two other criminal offenses that I regard as serious.
And I have a distinct recollection of the testimony at trial, and you did an excellent job at that proceeding, Mr. Kasen. I think that might largely have resulted in the favorable verdicts on some counts the defendant received. The complainant impressed me as an entirely credible person.
The court then imposed the maximum sentence for two of the crimes, including the felony.
It is a violation of due process for the court to rely on conduct of which the defendant has actually been acquitted when imposing a sentence. See Townsend v. Burke, 334 U.S. 736, 740-41, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); Evans v. State, 816 So.2d 742, 744 (Fla. 4th DCA 2002); Epprecht v. State, 488 So.2d 129, 131 (Fla. 3d DCA 1986). In Epprecht, the trial judge made several statements indicating that he believed that the defendant had committed many other offenses and complimented the defense attorney on his skill in obtaining an acquittal for the defendant in another case in which the judge believed the defendant was guilty. The Epprecht court said,
Because we are "not at liberty to assume that items given such emphasis by the sentencing court, did not influence the sentence," Townsend v. Burke, 334 U.S. [736, 740, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)], it befalls the State, as we have said, to convince us that these items played no part in the sentence imposed in the present case.
488 So.2d at 131. The court reversed the defendant's sentence, concluding that it could not find that the improper considerations played no part in the judge's decision. Id.
We followed Epprecht in Seays v. State, 789 So.2d 1209, 1210 (Fla. 4th DCA 2001), in holding that the state had the burden of showing that the trial court did not rely on improper factors in sentencing. Concluding that it did not meet that burden, we reversed. Id.
*550 Moreover, in Reese v. State, 639 So.2d 1067, 1068 (Fla. 4th DCA 1994), we held that "unsubstantiated allegations of misconduct may not be considered by a trial judge at a criminal sentencing hearing and to do so violates fundamental due process." The victim's testimony regarding appellant's violation of another domestic violence injunction obtained by a different woman was the type of allegation that the court should not have permitted in evidence.
Here, the state has failed to show that the court did not rely on the charges of which appellant was acquitted in meting out the most severe sentences available on two of the counts, and the court heard evidence of unsubstantiated allegations of misconduct. The judge mentioned that appellant was acquitted of the most serious charges, but he noted that he had a distinct recollection of the trial testimony, and defense counsel's "excellent" representation "might largely have resulted in the favorable verdicts on some counts the defendant received." He then stated that the victim was an entirely credible person. It appears to us that this can be nothing more than a rejection of the jury's verdict on the sexual battery and burglary charges because the victim's testimony would have supported both charges. Furthermore, the judge's comments about the skill of defense counsel in getting appellant acquitted on those counts is nearly identical to the suspect comments of the trial judge in Epprecht. Because we cannot say that the court did not rely on these impermissible factors in sentencing appellant, we must reverse.
Because appellant must be resentenced, we address his double jeopardy claim that he cannot be sentenced on both the simple battery count and the violation of an injunction for domestic violence count. He cites to Young v. State, 827 So.2d 1075, 1077-78 (Fla. 5th DCA 2002), which held that the crime of battery was subsumed within the crime of violation of an injunction for repeat domestic violence pursuant to section 784.047, and convicting the defendant of both offenses was a violation of the double jeopardy clause. Here, appellant was charged with violating a domestic violence injunction pursuant to section 741.31, Florida Statutes (2000); however, the difference between the statutes for double jeopardy analysis is insubstantial. Under both statutes, the injunction is violated by simple battery.
Section 775.021(4), Florida Statutes (2000), incorporates the Blockburger[1] test for determining whether the legislature intended that a court can impose multiple punishments for offenses arising from the same criminal episode. Section 775.021(4) provides:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative *551 intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
One of the ways in which an injunction for protection against domestic violence may be violated is by committing an act of domestic violence against the petitioner, § 741.31(4)(a)3., which includes the commission of a battery. § 741.28(1), Fla. Stat. (2000). Therefore, all of the statutory elements of battery are contained within the offense of violating a domestic violence injunction. It is thus subsumed within the greater offense. See United States v. Dixon, 509 U.S. 688, 705, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Therefore, the conviction and sentencing of appellant on both the battery and violation of domestic injunction counts is a violation of the double jeopardy clause.
As to his convictions, appellant contends that the court erred in refusing to allow a witness to testify to what appellant claims was the victim's prior inconsistent statement to some of her trial testimony. The statement involved a collateral matter not material to the issues at trial, and the trial court did not err in refusing to admit it. See Caruso v. State, 645 So.2d 389, 394 (Fla.1994) (noting that when a witness is cross-examined concerning a collateral or irrelevant matter, cross-examiner must "take" the answer as given and may not subsequently impeach the witness by introducing extrinsic evidence to contradict the witness). He also complains that the trial court improperly interjected itself into the trial of the case. The court merely said, "Excuse me," as the prosecutor rose to object, in order to stop a witness from answering an irrelevant question posed by defense counsel. The court did not depart from any appearance of impartiality.
We affirm appellant's convictions. In accordance with Epprecht and Seays, we reverse and remand for resentencing in front of a different judge pursuant to this opinion, noting that sentencing on the battery conviction is barred by the double jeopardy clause.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).