964 So.2d 884 (2007)
Randall Carlton GRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1595.
District Court of Appeal of Florida, Second District.
September 26, 2007.
*885 James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ha Thu Dao, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Randall Gray challenges his conviction for manslaughter and the resulting fifteen-year sentence. We affirm the conviction without further discussion. We reverse the sentence because the trial court erred in considering the details of pending charges that were alleged to have occurred after the manslaughter offense while Gray was out on bond.
At sentencing for the manslaughter charge, the parties engaged in a discussion over whether a plea agreement could be reached for the other cases pending against Gray. Gray informed the court that he wanted to have the new cases continued and that he would not enter a plea to the new charges because he was not guilty. The trial court set the new cases for future trial dates.
The court then turned its attention to sentencing for the instant manslaughter case. The State indicated its intention to introduce evidence, photographs and testimony from the officers involved, concerning the pending offenses that were alleged to have occurred after the manslaughter. The defense attorney for the manslaughter case, who was not representing Gray for the new charges, objected to the court considering the new charges. However, the defense attorney took the position that, assuming his objection was overruled, the court should review the exhibits relating to the new charges rather than hearing testimony from the officers involved. The trial court agreed to review the State's exhibits, which consisted of numerous photographs relating to the new charges.
In Seays v. State, 789 So.2d 1209 (Fla. 4th DCA 2001), the Fourth District remanded for resentencing because of improper information which may have influenced the trial court's sentence. Seays was charged with burglary with a battery. While he was out on bond, he was charged with attempted murder of the same victim. 789 So.2d at 1209. After a jury found Seays guilty of the burglary charge, a sentencing hearing was held at which Seays asked for the bottom of the guidelines since this was his first felony offense. The State reminded the trial court of the pending attempted murder charge and asked for the top of the guidelines, which the trial court imposed. Id. On appeal Seays argued that the trial court erred in considering the pending attempted murder charge in sentencing him for burglary. Id. at 1209. The district court concluded that the State had not carried its burden to show that the trial court did not consider the pending charge in sentencing Seays and, therefore, reversed and remanded for resentencing by a different judge. Id. at 1210.
Here, the State's presentation and argument before the trial judge centered on the new charges. As the court did in Seays, we reverse the sentence and remand for resentencing by a different judge.
Affirmed in part, reversed in part, and remanded.
SALCINES and WALLACE, JJ., Concur.