CORTIÑAS, J.
 

 Elison Mirutil was charged with multiple offenses of burglary and theft committed on four separate occasions. He pled guilty to all of the charges, and the trial court imposed juvenile sanctions, committing him to a moderate risk program with aftercare. Mirutil successfully completed the moderate risk program and was close to completing the aftercare program when he was arrested and charged with several new offenses. After a heai'ing, the trial court granted the request of the Department of Juvenile Justice to terminate supervision, revoked the juvenile sanctions, and set the case for sentencing Mirutil as an adult.
 

 At the sentencing hearing, the State offered evidence of the new violations “to show this defendant’s danger to the com
 
 *590
 
 munity.” Defense counsel objected to the court’s consideration of any evidence related to the new crimes, arguing that it would grossly “prejudice the [cjourt on unproven charges.” The trial court accepted testimony on the new cases “for purposes of probable cause of the four corners of the arrest affidavits in those cases.” After hearing from the State’s three eyewitnesses to the new offenses, the trial court found that “[t]he State ha[d] proven probable cause that exists that [Mirutil] did in fact commit the new offenses.” It imposed sentences for the previous crimes, totaling seventy-five years in state prison, nearly the maximum dictated by the criminal punishment code scoresheet.
 
 [1]
 
 Mirutil appeals, arguing that it was improper for the trial court to consider the subsequent offenses in sentencing him for the earlier offenses.
 

 “The trial court may not rely upon impermissible considerations when sentencing a defendant.”
 
 Cook v. State,
 
 647 So.2d 1066, 1067 (Fla. 3d DCA 1994). Impermissible factors include a “belief that the defendant likely had committed previous acts of violence although [he] had never been charged with committing any such acts,”
 
 Epprecht v. State,
 
 488 So.2d 129, 130 (Fla. 3d DCA 1986); a “belief that the defendant was guilty of an offense of which he had been acquitted,”
 
 id.;
 
 and “unsubstantiated allegations of misconduct” and “unsupported speculations.”
 
 Reese v. State,
 
 639 So.2d 1067, 1068 (Fla. 4th DCA 1994).
 

 Mirutil argues that the trial court erred by sentencing him based on testimony concerning his subsequent arrests. The State maintains that “the statute doesn’t require a conviction.... It doesn’t say that he needs to be convicted of the new offense, just that he committed a new violation of law.” However, Section 985.565(4)(c), Florida Statutes, allows a “court [to] revoke the previous adjudication, impose an adjudication of guilt, and impose any sentence which it may lawfully impose ... if the child commits a new violation of law while under juvenile sanctions.” The trial court had already revoked Mirutil’s juvenile sanctions based on the new charges. The sentencing hearing was not tantamount to a probation violation hearing, where the court may consider the new crimes a defendant committed because he violated his probation by doing so; its sole purpose was to determine the appropriate sentence to be imposed based on the nature of the offenses for which the court had originally imposed the juvenile sanctions. Accordingly, as in any adult sentencing hearing, it was improper for the judge to consider the details of the pending charges alleged to have occurred after the offenses for which Mirutil was to be sentenced.
 
 See Gray v. State,
 
 964 So.2d 884 (Fla. 2d DCA 2007);
 
 Seays v. State,
 
 789 So.2d 1209, 1210 (Fla. 4th DCA 2001). “The state through its criminal process may not penalize someone merely for the status of being under indictment or otherwise accused of a crime, as it has attempted to do here.”
 
 State v. Potts,
 
 526 So.2d 63 (Fla.1988). The State cites
 
 Whitehead v. State,
 
 21 So.3d 157, 159-60 (Fla. 4th DCA 2009), for the proposition that pending charges may be considered for their relevance to the sentencing, if the defendant is “given the opportunity to explain or offer evidence” regarding the pending charges. However, this case is readily distinguishable because Whitehead had admitted to the charges, whereas Mi-rutil maintains his innocence.
 

 “[T]he State has the burden to show from the record as a whole that the trial judge did not rely upon impermissible considerations in passing sentence upon the defendant where portions of the record
 
 *591
 
 reflect that the trial judge may have so relied.”
 
 Epprecht,
 
 488 So.2d at 130;
 
 see Seays,
 
 789 So.2d at 1210. The State’s sole argument is that throughout the hearings, the trial judge reiterated that she was not considering the new offenses in sentencing Mirutil but was using them solely to prove that Mirutil had violated his probation agreement.
 

 However, testimony regarding the new offenses was the central feature of the sentencing hearing. Discussion of the new offenses comprised forty-eight pages of the transcript, or eighty-five percent of the sentencing hearing, while the testimony of Mirutil’s character witnesses comprised only nine pages. The State presented testimony from three witnesses regarding the new offenses. Their testimony could not have been but extremely prejudicial.
 

 Because we are “not at liberty to assume that items given such emphasis by the sentencing court, did not influence the sentence,” it befalls the State, as we have said, to convince us that these items played no part in the sentence imposed in the present case. While most assuredly there is more than ample justification for the sentence imposed, and our remand in no way precludes this or some equivalent sentence, we are not convinced, as we must be, that these impermissible items played no role in the sentence.
 

 Epprecht,
 
 488 So.2d at 131 (quoting
 
 Townsend v. Burke,
 
 334 U.S. 736, 740, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)). “Based on the record and the trial court’s candid remarks it cannot be said that the trial court did not take into consideration impermissible factors in sentencing” Mirutil.
 
 Cook,
 
 647 So.2d at 1067 (citing Epprecht). Therefore, we find that the State has not earned its burden of proving that the trial court did not rely on the later eases in sentencing Mirutil for the previous cases.
 

 Accordingly, we reverse and remand for resentencing by a different judge, “to preclude any perception on [Mirutil’s] part that the resentencing may not be conducted in a completely fair and impartial manner....”
 
 Berry v. State,
 
 458 So.2d 1155, 1156 (Fla. 1st DCA1984).
 

 Reversed and remanded.
 

 [1]
 

 . The scoresheet recommended between 8.12 years and eighty-five years.