# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**GIANNI LIZANO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-4329

[March 7, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502016CF002921A.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his sentence after having been found guilty of possession of THC and the denial of his rule 3.800(b)(2) motion to correct his sentence. He argues the trial court erred in relying on acquitted conduct in sentencing him and in imposing certain special conditions to his probation. We agree and reverse.

After the jury convicted the defendant, the trial court withheld adjudication and sentenced him to three years' probation with general and special conditions.[1] The defendant filed a motion to correct his sentence, to which the State acquiesced by email. Nevertheless, the trial court failed to rule on the motion within sixty days and it was deemed denied. Fla. R. Crim. P. 3.800(b)(2)(B).

He now argues the trial court erred in relying on acquitted conduct in

---

[1] The order of probation provides that the defendant entered a plea of guilty, but he was convicted after a jury trial.

his sentencing, in imposing certain special conditions, and in denying his rule 3.800(b)(2) motion. Those conditions included: (1) prohibiting the Department of Corrections from recommending early termination of his probation; (2) broad alcohol-related special conditions which bear no relationship to the offense or offender; and (3) special conditions which were not pronounced.

We find no error in the court's comment that amounted to a reliance on acquitted conduct in imposing sentence and affirm on that issue. We reverse on the second issue as the special conditions imposed were either illegal, unwarranted, or in conflict with the trial court's oral pronouncement at sentencing.

First, a "trial judge is not authorized to divest the Department of Corrections of its authority to recommend early termination of probation. Moreover, a trial judge is not empowered to prevent the circuit court in the future from exercising its authority to discharge a probationer." *Arriaga v. State*, 666 So. 2d 949, 950 (Fla. 4th DCA 1996) (internal citations omitted) (quoting *Baker v. State*, 619 So. 2d 411, 412 (Fla. 2d DCA 1993)).

Second, a special condition of probation is invalid if "it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." *Biller v. State*, 618 So. 2d 734, 734-35 (Fla. 1993) (citing *Rodriguez v. State*, 378 So. 2d 7, 9 (Fla. 2d DCA 1979)). Here, the "no-alcohol" conditions lack a relationship to possessing THC. *See Richardson v. State*, 620 So. 2d 257 (Fla. 2d DCA 1993) (holding a condition on alcohol consumption was unrelated to a conviction for possession of cannabis with intent to sell). Those conditions were also not inherently criminal as the defendant was 21 years of age. And, there was no evidence that he had a history with alcohol abuse.

Third, "a written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence." *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007). Here, that conflict exists.

Special conditions one, three, and six were not pronounced in open court.[2] Those conditions require the defendant to pay for alcohol evaluations and random testing for drugs and alcohol. *See Carter v. State*, 677 So. 2d 1349, 1350 (Fla. 4th DCA 1996) (holding it was "error for the trial court to require that [the defendant] pay for any random drug testing,

---

[2] Special condition five—prohibiting the defendant from associating with anyone consuming alcohol—was also not pronounced in open court.

as it too was not orally pronounced.").

During sentencing, the trial court pronounced a curfew between 10:30 p.m. and 6:00 a.m. Special condition nine provides for a curfew between 10:00 p.m. and 6:00 a.m. Because the written order differs from the oral pronouncement, it should be stricken for being more severe. *See Williams*, 957 So. 2d at 603.

The trial court also orally required the defendant to complete "a hundred community service hours." Although special condition eight accurately reflects this mandate, community control special condition 18 also required the defendant to complete 100 hours of community service. Because community control special condition 18 can be construed as requiring the defendant to complete an additional 100 hours of community service, it should be stricken for being more severe and differing from the oral pronouncement at sentencing. *See id.*

We therefore reverse and remand the sentence for the trial court to strike the special conditions outlined above.

*Reversed and remanded.*

DAMOORGIAN, J., concurs.
TAYLOR, J., concurs in part and dissents in part.

TAYLOR, J., concurring in part, and dissenting in part.

I concur in the majority opinion reversing and remanding the defendant's sentence to strike invalid special conditions of probation. However, I would reverse the entire sentence, because the record suggests that the trial court fundamentally erred when it considered acquitted conduct during sentencing, and because the state failed to prove that the acquitted conduct played no role in the sentence imposed.

The defendant was convicted of possession of THC candy, but he was acquitted of attempting to sell the THC candy. During the sentencing hearing, however, while the defendant's father was testifying under oath, the trial court interjected and asked the defendant's father if he thought his son "was just trying to make some extra money."

The defendant argues that the trial court's inquiry was impermissible because he was acquitted of possession with intent to sell, and the trial court's question about his financial motivation showed that the court

rejected the jury's verdict and improperly considered the acquitted charge during sentencing.

Due process prohibits a trial court from considering charges of which an accused has been acquitted in passing sentence. *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948); *Doty v. State*, 884 So. 2d 547, 549 (Fla. 4th DCA 2004); *Evans v. State*, 816 So. 2d 742, 744 (Fla. 4th DCA 2002); *Epprecht v. State*, 488 So. 2d 129, 131 (Fla. 3d DCA 1986).

Moreover, the burden is on the state to show that the trial court did not rely on improper factors in sentencing the defendant "where portions of the record reflect that the trial judge may have so relied." *Seays v. State*, 789 So. 2d 1209, 1210 (Fla. 4th DCA 2001) (quoting *Epprecht*, 488 So. 2d at 130). Here, the state failed to show that the court did not rely on the acquitted "intent to sell" conduct, where the court's question suggested that it believed that the defendant tried to sell the THC candy and that it needed to know why he tried to sell the THC candy before sentencing the defendant.

Accordingly, I would reverse and remand for resentencing in front of a different judge. *See Doty*, 884 So. 2d at 551.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***