DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUAQUINTA SHANIKA HARRIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0860

[July 17, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Peter Holden, Judge; L.T. Case No. 21-7546CF10A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Senior Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from her convictions and sentences for kidnapping and interference with child custody.

The defendant challenges her convictions only on the ground she was allegedly entitled to a twelve-person jury under the Sixth and Fourteenth Amendments to the United States Constitution. This challenge lacks merit. *See Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *review denied*, No. SC2022-1597, 2023 WL 3830251 (Fla. June 6, 2023), *certiorari denied*, No. 23-5173, 2024 WL 2709435 (U.S. May 28, 2024). Thus, we affirm the defendant's convictions without further discussion.

The defendant argues the circuit court erred in the defendant's sentencing in three respects: (1) by considering as a sentencing factor the injuries which an adult aggravated battery victim allegedly sustained at the hands of a co-defendant, despite the jury's acquittal of the defendant for the aggravated battery and the lesser included offense of simple battery; (2) by finding that kidnapping is a capital felony for which the defendant was ineligible for downward departure consideration; and (3) by

imposing a $746 prosecution cost exceeding the $100 statutory minimum, where the state had not presented any evidence, and the circuit court had not made factual findings, to impose such excess cost.

We agree with all three of the defendant's sentencing arguments, and will briefly address each argument in turn.

First, during the sentencing hearing, the circuit court expressly stated that, despite the jury having acquitted the defendant on the aggravated battery charge and the lesser included offense of simple battery, the circuit court's sentence on the two charges for which the defendant had been convicted nevertheless relied in part upon the injuries which the adult aggravated battery victim allegedly had sustained at the hands of a co-defendant. Such reliance was error, and the state has failed to show the circuit court cured that error in its after-the-fact denial of the defendant's second motion to correct sentencing error. As we held in *Doty v. State*, 884 So. 2d 547 (Fla. 4th DCA 2004):

> It is a violation of due process for the court to rely on conduct of which the defendant has actually been acquitted when imposing a sentence. …
>
> …
>
> Here, the state has failed to show that the court did not rely on the charges of which appellant was acquitted in meting out the most severe sentences available on two of the counts[.] … Because we cannot say that the court did not rely on these impermissible factors in sentencing appellant, we must reverse.

*Id.* at 549, 550. Based on *Doty*, we vacate the defendant's sentences in the instant case on both the kidnapping conviction and the interference with child custody conviction. We remand for a de novo sentencing hearing on both convictions, for which the circuit court shall not rely upon the injuries which the adult aggravated battery victim allegedly sustained at the hands of the co-defendant. Our remand for such resentencing should not be interpreted as suggesting any particular sentences for the convictions.

Second, kidnapping is not a capital felony, which would preclude downward departure consideration. *See* § 921.0026, Fla. Stat. (2021) (section 921.0026, providing for downward departure consideration, "applies to any felony offense, *except any capital felony*") (emphases

2

added).  Section 787.01(2), Florida Statutes (2021), provides:  "A person who kidnaps a person is guilty of *a felony of the first degree for a term of years not exceeding life*."  § 787.01(2), Fla. Stat. (2021) (emphases added).[1] Thus, the circuit court erred in finding the defendant was ineligible for downward departure consideration.  During the de novo sentencing hearing, the circuit court shall consider whether, in its discretion, to grant the defendant's downward departure motion.  Our remand for such consideration should not be interpreted as suggesting any particular disposition of the defendant's downward departure motion.

Third, as the state properly concedes, the circuit court erred by imposing a $746 prosecution cost exceeding the $100 statutory minimum, where the state had not presented any evidence, and the circuit court had not made any factual findings, to impose such excess cost.  *See generally Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019) (unless waived by the defendant, before a trial court imposes any prosecution cost in excess of the $100 statutory minimum, the state must present evidence, and the circuit court must make factual findings, to impose such excess cost).  Thus, we vacate the circuit court's imposition of the $746 prosecution cost.  During the de novo sentencing hearing, if the state requests a prosecution cost exceeding the $100 statutory minimum, the state must present evidence, and the circuit court must make factual findings, to impose such excess cost.

*Convictions affirmed; sentences vacated; remanded for resentencing with directions.*

WARNER and KUNTZ, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Section 787.01(3)(a), Florida Statutes (2021), provides an enhanced sentence whereby a person who commits the offense of kidnapping upon a child under the age of thirteen and who, in the course of committing the offense, commits certain enumerated acts, "commits a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."  § 787.01(3)(a), Fla. Stat. (2021).  Such enhanced sentence does not apply to this case.

3