# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1231
Lower Tribunal Nos. F23-7590, F23-7591, F23-7593, F23-7595, F23-7596, F23-7597, F23-7598, F23-7601, F23-8901, F23-8902, F23-8903, F23-8104, F23-8906, F23-8108, F23-8109, F23-8110, F23-8915, F23-8433, F23-9328, F23-12816 & F23-13975.

_____

**Odonovah Mairs,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lody Jean, Judge.

Melanie A. Malave (Ft. Lauderdale), for appellant.

James Uthmeier, Attorney General, and Camilo Montoya, Assistant Attorney General, for appellee.

Before SCALES, C.J., and MILLER and GORDO, JJ.

SCALES, C.J.

Odonovah Mairs appeals both the trial court's revocation of his youthful offender community control in twenty-one criminal cases[1] and the sentences imposed by the court following the revocations. We affirm.

## I.      Relevant Background

On July 17, 2023, Mairs, then a juvenile, pled guilty in twenty-one criminal cases, the majority of which charged Mairs with burglary and stealing luxury cars that, collectively, were worth millions of dollars. In each case, the trial court withheld adjudication and imposed a concurrent youthful offender sentence of two years of community control, followed by four years of probation. The court required Mairs to complete a boot camp program as a special condition of his community control and probation in each case.

In May 2024, after Mairs had reached adulthood, Mairs's probation officer filed affidavits of violation of community control in each case, asserting that Mairs had violated the terms of his community control by committing a new crime (a battery) and by failing to complete the boot camp program. In June 2024, the trial court conducted a community control revocation hearing and, finding that Mairs had willfully and substantially violated the terms of his

---

[1] The lower tribunal case numbers are: F23-7590, F23-7591, F23-7593, F23-7595, F23-7596, F23-7597, F23-7598, F23-7601, F23-8901, F23-8902, F23-8903, F23-8104, F23-8906, F23-8108, F23-8109, F23-8110, F23-8915, F23-8433, F23-9328, F23-12816, and F23-13975.

community control by committing a battery (a substantive violation) and by failing to complete the boot camp program (a technical violation), the court revoked Mairs' community control in each case.

In lower tribunal case number F23-7597, the trial court adjudicated Mairs and sentenced him as a youthful offender to five years in state prison. In the remaining twenty cases, the trial court adjudicated Mairs – opting to forgo sentencing Mairs as a youthful offender in favor of imposing adult sentences under the criminal punishment code – and sentenced Mairs to state prison sentences of five and/or fifteen years, depending on the underlying charges in the cases. The trial court gave Mairs credit for time served and directed that all sentences were to run concurrently. Mairs appeals both the revocation of his community control in each case and the resulting sentences.

## II. Analysis

### A. Revocation of Community Control

Without further elaboration, we affirm the trial court's revocation of Mairs's community control in each case because (i) the trial court's findings of Mairs's willful and substantial violations are supported by competent, substantial evidence, and (ii) the trial court did not abuse its discretion in

revoking Mairs's community control. <u>See</u> <u>Edwards v. State</u>, 296 So. 3d 986, 987 (Fla. 2d DCA 2020).

### B. Resulting Sentence

Mairs's challenge to his sentencing presents a more difficult question. Mairs claims that the trial court reversibly erred by considering at the sentencing hearing – at the State's urging and over defense counsel's contemporaneous objections – prior criminal charges against Mairs that had been dismissed when Mairs pled guilty to the underlying crimes for which he was placed on community control.

Although the trial court, at a sentencing hearing following the revocation of community control, may consider the circumstances surrounding the primary offense and the defendant's prior record, it is generally impermissible for the court to consider dismissed criminal charges because such consideration violates the defendant's due process rights. <u>See</u> <u>Ramirez v. State</u>, 420 So. 3d 570, 576 (Fla. 3d DCA 2025). When dismissed criminal charges are presented to the trial court at sentencing, and the record reflects that the trial court may have relied upon such considerations when sentencing the defendant, "[t]he State has the burden to show from the record as a whole that the trial judge did not rely upon impermissible considerations in passing sentence upon the defendant[.]" <u>Mirutil v. State</u>, 30

4

So. 3d 588, 590-91 (Fla. 3d DCA 2010) (quoting <u>Epprecht v. State</u>, 488 So. 2d 129, 130 (Fla. 3d DCA 1986)).[2] Hence, our inquiry does not end simply because the sentencing court was presented with evidence of a potentially improper factor. <u>See</u> <u>Serrano v. State</u>, 279 So. 3d 296, 302 (Fla. 1st DCA 2019).

To determine whether the sentence imposed by the trial court was influenced by the improper factor – i.e., the dismissed criminal charges – we must focus our inquiry on the actual statements made by the trial court at sentencing and analyze whether those statements "reflect that the trial court improperly considered dismissed charges in determining the appropriate

---

[2] We note that the Fifth District has suggested that <u>Mirutil</u>'s holding in this regard was abrogated, *sub silencio*, by the Florida Supreme Court in <u>State v. Garcia</u>, 346 So. 3d 581 (Fla. 2022); <u>see</u> <u>Nelson v. State</u>, 392 So. 3d 174, 180 (Fla. 5th DCA 2024). <u>Garcia</u> and <u>Nelson</u>, though, are distinguishable. While <u>Garcia</u> and <u>Nelson</u> may support the proposition that unobjected to, improper sentencing considerations do not constitute *per se* fundamental error, fundamental error concerns are not implicated in this case. Unlike defense counsel in <u>Garcia</u> and <u>Nelson</u>, Mairs's defense counsel, like defense counsel in <u>Mirutil</u>, asserted a contemporaneous objection to the alleged improper sentencing consideration. <u>See</u> <u>Mirutil</u>, 30 So. 3d at 590. We, therefore, are compelled to follow <u>Mirutil</u> and conduct the analysis it prescribes. <u>See</u> <u>Nat'l Med. Imaging, LLC v. Lyon Fin. Servs., Inc.</u>, 347 So. 3d 63, 64 n.2 (Fla. 3d DCA 2020) ("Unless the Florida Supreme Court overrules a prior panel's decision, a subsequent panel of this Court is not free to disregard, and must follow, precedent of the prior panel. Only the Court, sitting en *banc*, may recede from a prior panel's decision.") citation omitted)).

sentence." <u>Ramirez</u>, 420 So. 3d at 576; <u>Senser v. State</u>, 243 So. 3d 1003, 1011 (Fla. 4th DCA 2018) ("[W]hen determining whether a court relied on impermissible sentencing factors, it is primarily the court's express rationale, not the evidence or arguments presented at sentencing, which controls.").

Here, when the trial court imposed Mairs's sentences, the court found that the "underlying offenses" to which Mairs had pled guilty "shocked the conscience of the court." Focusing on the underlying burglary offenses where Mairs had stolen vehicles from the garages of the victims' homes, the court commented:

> There was a lot of planning in the underlying offenses. They are sophisticated.
>
> Some of them are semi-sophisticated. And I'll just reiterate, a lot of them were pretty savvy. So, I understand that you may not be formally educated.
>
> But unfortunately, Mr. Mairs, a combination of your lack of appreciation for the harm you're doing people – taking things that don't belong to them, violating their homes, trespassing on their property, and quite frankly, taking away their – the – the feeling of safety that they feel in their homes – they don't deserve that.

After scrutinizing the transcript of the sentencing hearing conducted below, we conclude, based our de novo review,[3] that the State met its burden

---

[3] <u>See</u> <u>Randolph v. State</u>, 355 So. 3d 442, 448 (Fla. 4th DCA 2023) ("We . . . review de novo whether a trial court relied on impermissible factors in sentencing in violation of a defendant's due process rights.").

to show that the lower court did not rely upon dismissed criminal charges when it sentenced Mairs. We, therefore, affirm the sentences imposed by the trial court after it revoked Mairs's community control in the twenty-one criminal cases.

Affirmed.