350 So.2d 19 (1977)
Henry GONSOVOWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 77-422.
District Court of Appeal of Florida, Second District.
September 9, 1977.
Jack O. Johnson, Public Defender, and James A. Cornelius, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was convicted in 1975 of buying, receiving, or aiding in the concealment of stolen property contrary to Section 811.16, Florida Statutes (1973), and was placed on three years probation.
In February 1977, the trial court properly revoked appellant's probation on proof that *20 he committed a lewd and lascivious act in the presence of a child under the age of fourteen years. At that point the trial court, after psychiatric examination and hearing, adjudged appellant to be a mentally disordered sex offender pursuant to Chapter 917, Florida Statutes (1975). Appellant was then sentenced to five years in prison with the stipulation that he would be transferred to the Florida State Hospital for treatment and be returned to prison upon completion of such treatment.
Having determined appellant to be a mentally disordered sex offender, the trial court was without authority to sentence him to prison before he received treatment pursuant to Chapter 917.
Under Section 917.19, upon adjudging a person convicted of any offense to be a mentally disordered sex offender, the trial judge is required to commit him to the custody of the Department of Offender Rehabilitation for care, treatment and rehabilitation. Further proceedings against such person are suspended pending his return therefrom. Upon return of such person to the court, under Section 917.20, if the trial court, following another hearing, determines such person has recovered and is not a menace to others, the court shall recommence the proceedings and may then impose any sentence alternative available to the court for the crime for which such person was initially convicted. If, on the other hand, the court concludes such person is in need of further treatment, he must recommit him as provided in Section 917.20.
The procedure outlined above was not followed here.
Accordingly, the judgment revoking probation is affirmed but the sentence is vacated and the cause remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and McNULTY and SCHEB, JJ., concur.