*1059 ON MOTION TO DISMISS
PER CURIAM.
Appellant seeks review of a trial court order committing him to the care and custody of the Department of Health and Rehabilitative Services. The order was entered pursuant to § 917.19, Fla.Stat. (1977), upon a finding that appellant was a mentally disordered sex offender. Appellant’s commitment as a mentally disordered sex offender followed the tender of a plea of no contest to the charge of lewd and lascivious assault upon a six-year old child. Prior to commitment, appellant had moved to withdraw his previously entered plea of no contest, but the motion was denied and the commitment order entered.
The State argues that the appeal must be dismissed for lack of jurisdiction. Fla.R. App.P. 9.140(b) sets forth those appeals permitted by a defendant in a criminal proceeding and the State argues that the order under review is not one from which appeal would lie under Rule 9.140.
Appellant contends that a commitment order entered pursuant to § 917.19, Fla. Stat. (1977), is tantamount to a “final judgment of conviction” within the meaning of § 924.06(l)(a), Fla.Stat. (1977), or a “final judgment adjudicating guilt” within the meaning of Fla.R.App.P. 9.140(b)(1)(A). In the alternative, appellant argues that the appeal should be treated as a petition for writ of habeas corpus.
In the first instance, we reject appellant’s argument that Ch. 917, Fla.Stat. (1977), makes it a prerequisite that one who enters a plea of no contest be previously adjudicated guilty prior to receiving treatment as a mentally disordered sex offender. Ch. 917 contains no requirement that formal adjudication of guilt precede commitment for treatment. In the instant case, the record shows that appellant has never been formally adjudicated guilty to the charges on which the no contest plea was entered. Formal adjudication of guilt and sentencing follows, rather than precedes, commitment for treatment under the mentally disordered sex offender statute. See Gammill v. Wainwright, 357 So.2d 714 (Fla. 1978). For the foregoing reasons, we find no authority for this appeal under Fla.R. App.P. 9.140(b).
Further analysis of the jurisdictional basis for this appeal leads us to consider § 917.24, Fla.Stat. (1977), which provides as follows:
917.24 Civil Proceedings — The proceedings provided for in this chapter are civil and shall not alter the tests of mental capacity applied in criminal prosecutions.
The State’s argument for dismissal and appellant’s response thereto seize on the fact that the commitment order now on appeal evolved out of a criminal transaction. We perceive, however, that both the State and appellant overlook the fact that commitment and treatment under Ch. 917 is a break in the criminal process. Criminal proceedings are recommenced only upon the offender’s discharge from a mentally disordered sex offender treatment program. Section 917.215, Fla.Stat. (1977). By the explicit operation of § 917.24, Fla.Stat. (1977), a commitment order entered pursuant to § 917.19, Fla.Stat. (1977), is an order entered in a civil proceeding. Fla.R.App.P. 9.140, applicable to appeal proceedings in criminal cases, is not applicable to this appeal. Jurisdiction vests pursuant to Fla.R. App.P. 9.110.
Appellee’s motion to dismiss is denied.
BOYER, Acting C. J., and MILLS and ERYIN, JJ., concur.