PER CURIAM.
Appellant was informed against in 1975 for assault to murder in the first degree, sexual battery, and kidnapping. He filed a petition to have himself declared a mentally disordered sex offender and was examined by two psychiatrists. In August 1975, pursuant to plea negotiations, appellant entered a plea of guilty to sexual battery in return for which he would receive a life sentence and commitment for treatment as a mentally disordered sex offender. The trial court approved the negotiated plea and sentence.
Subsequent to those proceedings, the Florida Supreme Court reversed a conviction in a case wherein the defendant was sentenced to 35 years in prison and institutionalized as a mentally disordered sex offender pursuant to Section 917.19, Florida Statutes (1975). Gammill v. Wainwright, 357 So.2d 714 (Fla.1978). Because of the holding in that case, Williamson filed a motion under Rule 3.850, Florida Rules of Criminal Procedure, alleging that his sentence was illegal. The trial judge, after a hearing, denied Williamson’s motion. Williamson appealed.
We affirm. The circumstances in Gam-mill, supra, are distinguishable from those in this case. In Gammill the defendant had merely pled guilty and then requested to be examined to determine whether he would qualify for treatment as a mentally disordered sex offender. The trial judge determined that Gammill was a mentally disordered sex offender and then sentenced him to prison as well as institutionalizing him at a state hospital. The Supreme Court found, at 716, that Gammill’s rights were prejudiced by the trial judge’s actions.
In this case, however, it is difficult to see how appellant was prejudiced. He had been charged with three very serious crimes. He then, on advice of counsel, agreed to a sentence, which resulted from negotiations, that allowed two of the charges against him to be dropped in exchange for the sentence he received- and the *371 declaration that he was a mentally disordered sex offender. Because the trial judge’s sentence reflected what Williamson apparently found to be in his best interests, it is too late for him to complain.
AFFIRMED.
McCORD, LARRY G. SMITH and SHIVERS, JJ., concur.