JOANOS, Judge.
Appellant, Kenneth Lee Wood, appeals from a sentence imposed upon him after he was released from custody of the Florida Department of Health and Rehabilitative Services (HRS). We affirm.
After pleading guilty in March, 1979, to a charge of lewd, lascivious or indecent assault or act upon or in the presence of a child, Wood was found to be a mentally disordered sex offender and was committed to HRS custody. Over a year later, HRS submitted a report stating that it had exhausted all appropriate treatment. Along with the report was a request by defendant to be removed from HRS custody. A hearing was held 61 days after receipt of the report on the question of Wood’s release from HRS in which testimony and psychiatric reports were considered. The only issue raised at the hearing by defendant was whether the trial court had jurisdiction to sentence him because the hearing was held 61 days after receipt of the HRS report rather than within 60 days, as required by Section 917.20(2), Florida Statutes (1977).
Section 917.20, Florida Statutes (1977), provides in pertinent part:
917.20 Periodic examination; discharge proceedings; recommencement of civil proceedings.—
(1) The department shall cause the offender to be examined a minimum of once annually to determine the progress of treatment, and it shall file a written report of these examinations in the committing court not less than once a year.
(2) At any time after commitment, the department may file a written report with the committing court stating the facts which show that the offender’s condition has improved to a degree that he no longer meets the definition of an offender or that the department has exhausted all appropriate treatment for the offender. The written report shall include information about the treatment received by such offender, a diagnosis of the offender’s current condition, and recommendations made by the treatment staff. Upon receipt of the written report, the court shall set a hearing date of within 60 days and shall order the offender returned to the jurisdiction of the court. The offender shall not be detained in a jail prior to said hearing and shall not be detained after said hearing if returned to the department.
* * * # * *
(emphasis added)
In Perritte v. State, 367 So.2d 1058, 1059 (Fla. 1st DCA 1979) this Court stated that “. .. commitment and treatment under Ch. 917 is a break in the criminal process” and that “criminal proceedings are recommended only upon the offender’s discharge from a mentally disordered sex offender treatment program.” Applying Perritte, as well as § 917.24’s declaration that proceedings under Ch. 917 are civil it is clear that an evidentiary hearing under § 917.20(2) to *420 determine if all treatment has been exhausted is a civil proceeding. As such, failure to hold the hearing within the proper time period does not affect the court’s criminal jurisdiction to sentence the defendant after the hearing is held and the defendant is discharged from HRS custody. The remedy for failure to follow proper procedure is a civil remedy, not the suggested remedy of a discharge from further criminal proceedings. In addition, appellant could not show any prejudice from the one day delay since he ultimately received what he requested— release from HRS custody.
The order of judgment and sentence appealed from is AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.