SHIVERS, Judge.
Appellant, Wendell K. Slappey, appeals the trial court’s denial of his motion for correction of sentence. We reverse, and remand for vacation of appellant’s sentence.
The record indicates that appellant was sentenced to life imprisonment in May 1974, after having pled guilty to one count of rape. Two days after being sentenced, the court declared appellant to be a mentally disordered sex offender (MDSO) in accordance with Chapter 917, Florida Statutes. In March 1978, shortly after completing a program of treatment in Florida State Hospital, appellant filed a motion to vacate sentence, arguing that he was entitled to be resentenced as a result of having successfully completed his treatment program. The motion was denied, and appellant began serving his prison term. In April 1990, appellant filed the instant motion for correction of sentence pursuant to Fla.R.Crim.P. 3.800(a), again seeking vacation of his sentence, and citing Gonsovowski v. State, 350 So.2d 19 (Fla. 2d DCA 1977). That motion was denied as well, the trial court holding that the denial of the 1978 motion to vacate had been based on a finding that Gonsovowski was distinguishable from appellant’s case, and finding the motion for correction of sentence to be without merit “based upon the trial court’s prior ruling....”
In Gonsovowski, swpra, the defendant was placed on probation in 1975. In 1977, his probation was revoked based upon the commission of a new offense. The defendant was first found to be a mentally disordered sex offender, and was then sentenced to five yeárs in prison with the stipulation that he be transferred to Florida State Hospital for treatment, then returned to prison after completion of treatment. The appellate court vacated the sentence and remanded for further proceedings, finding that the trial court was without authority to sentence the defendant “before he received treatment pursuant to Chapter 917.” 350 So.2d at 20 (emphasis in original). The court set out the correct procedure as follows:
Under Section 917.19, upon adjudging a person convicted of any offense to be a mentally disordered sex offender, the trial judge is required to commit him to the custody of the Department of Offender Rehabilitation for care, treatment and rehabilitation. Further proceedings against such person are suspended pending his return therefrom. Upon return of such person to the court, under Section 917.20, if the trial court, following another hearing, determines such person has recovered and is not a menace to others, the court shall recommence the proceedings and may then impose any sentence alternative available to the court for the crime for which such person was initially convicted. If, on the other hand, the court concludes such person is in need of further treatment, he must recommit him as provided in Section 917.20.

Id.

In O’Malley v. State, 396 So.2d 1128 (Fla.1981), the supreme court did not speci *1110 fy in its opinion whether the defendant was sentenced before or after he was declared to be a mentally disordered sex offender, but did hold that the trial court erred in imposing sentence prior to the completion of his MDSO treatment, stating:
The intent of chapter 917, Florida Statutes, is to provide treatment and rehabilitation for one determined to be a mentally disordered sex offender. Upon completion of the psychiatric treatment, petitioner O’Malley should have been brought before the court for recommencement of the criminal proceedings. At that time, the court would have an opportunity to take into consideration the extent which such treatment should affect the sentence imposed.
396 So.2d at 1129.
Further, in Gammill v. Wainwright, 357 So.2d 714 (Fla.1978), the defendant first pled guilty, was then declared to be a mentally disordered sex offender, and immediately thereafter was sentenced to 35 years incarceration and transferred to Florida State Hospital for treatment. The supreme court vacated the sentence and remanded for further proceedings, holding that the MDSO statutes (Chapter 917) contemplated that the imposition of sentence be suspended until the end of treatment. The court stated:
By deferring the sentencing until a defendant has completed treatment, the court can consider any rehabilitative effect the treatment may have had on the defendant, giving effect to the treatment purpose of the statute without preventing the trial court from requiring a prison term where circumstances indicate that a prison term should be served.
357 So.2d at 716. See also Durbin v. State, 385 So.2d 172, 174 (Fla. 4th DCA 1980) (“Once adjudicated as a mentally disordered sex offender the court is without authority to sentence such an offender to prison before he receives treatment.”); Perritte v. State, 367 So.2d 1058, 1059 (Fla. 1st DCA 1979) (“Formal adjudication of guilt and sentencing follows, rather than precedes, commitment for treatment under the mentally disordered sex offender statute.”).
The appellee points out on appeal that, in both O’Malley and Gonsovowski, the defendants were first found to be mentally disordered sex offenders, and were then sentenced, whereas in the instant case, the defendant was first sentenced and then found to be an MDSO. Appellee argues that O’Malley and Gonsovowski are therefore distinguishable on the basis that criminal proceedings were still pending against the defendants in those cases at the time they were committed to treatment. In both Gonsovowski and O’Malley, however, the courts’ emphasis was on whether the trial court sentenced the defendant before he received or completed his MDSO treatment — not on whether the sentence came before the finding of MDSO — and on the fact that sentencing should take into consideration the success or failure of the treatment. The distinction made by the appellee is therefore without merit.
Accordingly, we reverse the trial court’s denial of appellant’s motion for correction of sentence, and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
BARFIELD, J„ and CAWTHON, Senior Judge, concur.