777 So.2d 994 (2000)
David Keith HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2609.
District Court of Appeal of Florida, Second District.
October 25, 2000.
Rehearing Denied December 21, 2000.
CASANUEVA, Judge.
David Keith Harris has appealed an order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He claims that he was illegally sentenced as a habitual violent felony offender because the convictions on which the State relied for predicate offenses were not sequential as required by section 775.084(5), Florida Statutes (1995).[1] We affirm the trial court's order denying the motion on the ground that Mr. Harris presented the identical issue on direct appeal in case number 2D96-1257, which was affirmed. See Harris v. State, 693 So.2d 982 (Fla. 2d DCA 1997).
The doctrine of law of the case prohibits successive review of a specific claim of error that has been raised by the defendant and decided by the appellate court. See Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996); see also Price v. State, 692 So.2d 971 (Fla. 2d DCA 1997). Although the Fifth District has recently suggested that the law of the case doctrine would not bar reconsideration of some claims under rule 3.800(a), the court limited its opinion to those "exceptional circumstances where reliance on the previous decision would result in manifest injustice." Wilson v. State, 752 So.2d 1227, 1229 (Fla. 5th DCA 2000). From our review of Mr. Harris's unsworn motion and attachments, together with the trial court's order and attachments, we cannot say that reconsideration of Mr. Harris's claim is required to prevent manifest injustice.
Affirmed.
ALTENBERND, A.C.J., and NORTHCUTT, J., Concur.
NOTES
[1] The effective date of the amendment to the habitual offender statute on which Mr. Harris bases his claim was June 17, 1993. See Prince v. State, 684 So.2d 850 (Fla. 2d DCA 1996). The trial court's reliance on the wrong effective date does not affect the outcome of this decision.