HAWKES, C.J.
 

 Appellant challenges his convictions and sentences for trafficking cocaine, possession of marijuana with the intent to distribute, and resisting an officer without violence. We affirm Appellant’s convictions without comment and write only to address the propriety of Appellant’s sentences. Appellant argues the trial court improperly relied on charges of which he
 
 *1267
 
 was acquitted when sentencing him. We find this argument persuasive, vacate Appellant’s sentences, and remand for resen-tencing.
 

 Appellant’s argument focuses on the following comments made by the trial court at sentencing:
 

 You have what has to be considered a long career in court. You have had a .historic career because, essentially, you have acquired the nickname of the Teflon Don of Bay County Jurisprudence. You’ve been to trial any number of times and the jury has found you not guilty.
 

 Most recently, I presided over a case where you were charged with burglary of a dwelling and sexually [sic] battery. The jury in that case found you not guilty even though the DNA sample in that case made it abundantly clear that you’re about the only person on the face of the earth that could have done that. The, the sad part of it was that the jury wasn’t told the whole story there, that the, the complaining victim was, your drug dealer, your drug supplier’s girlfriend and that you and your confederate were there looking for a rip off opportunity, and when that didn’t materialize, you opted for the second best. The jury found you not guilty. I don’t believe that means that you are innocent.
 

 Okay. Asking for, you know, the minimum for you. The, there are people, however, that come before the Court that are dangerous people, people doing dangerous things. Your history here, [ ] is speckled with violence, firearms, aggravated assault type things and batteries and all, and so in looking at all these things, I’ve come to the conclusion that you do dangerous things.
 

 After the above colloquy, the trial court sentenced Appellant to the statutory maximum for all three charges.
 

 Generally, a sentence within the statutory limits is not subject to appellate review.
 
 See Howard v. State,
 
 820 So.2d 337, 339 (Fla. 4th DCA 2002). However, an exception is made where the record indicates the trial court considered prior arrests not resulting in convictions when determining a defendant’s sentence.
 
 See Berry v. State,
 
 458 So.2d 1155, 1156 (Fla. 1st DCA 1984) (holding a trial court’s consideration of a defendant’s prior acquittals during sentencing warranted resentenc-ing). When portions of the record show the trial court relied upon prior acquittals in determining a defendant’s sentence, the State has the burden to demonstrate those considerations “played no part in the sentence imposed.”
 
 See Doty v. State,
 
 884 So.2d 547, 549 (Fla. 4th DCA 2004)
 
 (quoting Epprecht v. State,
 
 488 So.2d 129, 131 (Fla. 3d DCA 1986)).
 

 Based on remarks made during the sentencing hearing, the trial court appears to have relied on Appellant’s prior acquittals in sentencing him. The State has failed to assert a persuasive argument showing the court did not consider Appellant’s prior acquittals during sentencing. Accordingly, we AFFIRM Appellant’s convictions but VACATE his sentences and REMAND for resentencing.
 

 VAN NORTWICK and BROWNING, JJ., concur.