NORTHCUTT, Judge.
 

 Michael Haager appeals the denial of his motion to vacate his 1975 judgments and sentences due to an alleged violation of the statutory procedure for sentencing individuals classified at that time as mentally disordered sex offenders. We affirm in regard to the convictions without further comment, but we reverse as to the sentences.
 

 In 1974, Haager pleaded guilty to two counts of robbery and four counts of rape in three separate cases. The circuit court imposed concurrent prison sentences of
 
 *884
 
 forty years for the robberies and life for the rapes. The court also determined that Haager was a “mentally disordered sex offender” pursuant to then-chapter 917, Florida Statutes (1974). Under that statutory scheme, which was repealed in 1979, the court should have deferred sentencing until Haager recovered from his disorder and was no longer a menace to others.
 
 See Gonsovowski v. State,
 
 350 So.2d 19 (Fla. 2d DCA 1977);
 
 see also
 
 ch. 79-341, Laws of Fla. (repealing chapter 917 relating to mentally disordered sex offenders). As interpreted by the supreme court, the statute required the court to postpone sentencing until the defendant completed treatment, thus permitting the court to “consider any rehabilitative effect the treatment may have had on the defendant” when determining his sentence.
 
 Gammill v. Wainwright,
 
 357 So.2d 714, 716 (Fla.1978). In Haager’s case, then, the sentencing court erred by failing to follow the statutory procedure for mentally disordered sex offenders.
 
 See O’Malley v. State,
 
 396 So.2d 1128, 1129 (Fla.1981).
 

 Haager raised this sentencing error in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800, but the motion was denied and this court affirmed.
 
 Haager v. State,
 
 934 So.2d 458 (Fla. 2d DCA 2006) (table decision). In 2008, Haager raised the claim again, this time citing Florida Rule of Criminal Procedure 3.170 and also seeking to withdraw his plea. The circuit court denied relief, concluding that the claim was untimely under both rule 3.170 and rule 3.850. In a motion for rehearing, Haager argued that his motion should be treated as a petition for a writ of habeas corpus. He further alleged that his codefendant in the 1974 crimes was also classified as a mentally disordered sex offender while being improperly sentenced to prison and that the codefen-dant was later resentenced. Haager attached a 1998 order for his codefendant’s resentencing. The motion for rehearing was denied, and this appeal followed.
 

 Haager has asked this court to treat his appeal as a petition for a writ of habeas corpus. He argues that he has suffered a manifest injustice when compared to his codefendant and others who have obtained relief on this type of claim.
 
 See Slappey v. State,
 
 584 So.2d 1108 (Fla. 1st DCA 1991) (reversing denial of successive motion seeking correction of a sentence that was improperly imposed under mentally disordered sex offender statute). We directed the State to respond to Haager’s filing. It argues that affirmance is required under the law of the case unless there is a manifest injustice.
 

 Under the law-of-the-case doctrine, an appellate court should reconsider a point of law previously decided in a former appeal only in “unusual circumstances” and only when “ ‘manifest injustice’ will result from a strict and rigid adherence to the rule.”
 
 Strazzulla v. Hendrick,
 
 177 So.2d 1, 4 (Fla.1965). Law of the case has been applied to successive review of claims under rule 3.800(a).
 
 Harris v. State, 777
 
 So.2d 994, 994 (Fla. 2d DCA 2000). Still, to prevent a manifest injustice and a denial of due process, relief may be afforded even to a litigant raising a successive claim.
 
 Stephens v. State,
 
 974 So.2d 455, 457 (Fla. 2d DCA 2008).
 

 In
 
 Stephens,
 
 we treated Stephens’ successive postconviction claim as a petition for habeas corpus relief because we had affirmed his sentence even though we had reversed that of an unrelated defendant who had been sentenced on the same day by the same judge who made the same error as in Stephens’ case. We recognized that to give relief to one defendant but not the other under virtually identical circumstances was “a manifest injustice that does
 
 *885
 
 not promote — in fact, it corrodes — uniformity in the decisions of this court.”
 
 Id.
 

 “In rare circumstances, this court has exercised its inherent authority to grant a writ of habeas corpus to avoid incongruous and manifestly unfair results.”
 
 Id.
 
 We do so here. Reversed for resentencing.
 

 VILLANTI, J„ and FULMER, CAROLYN K, Senior Judge, Concur.