DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GUY MORTIMER,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D14-496

[July 9, 2014]

Petition for writ of habeas corpus to the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Jr., Judge; L.T. Case No. 2007CF12912CF10C.

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark Hamel, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

At Guy Mortimer's trial, the state offered evidence under a common law hearsay exception; the legislature later codified this exception, but the Florida Supreme Court declined to adopt it. In our earlier opinion we affirmed Mortimer's conviction based on the incorrect assumption that the new hearsay exception would become the law of Florida. We therefore grant the petition for writ of habeas corpus and remand to the circuit court for a new trial. We stay issuance of the mandate to allow the state to seek review of the certified questions set forth below.

We certify the following questions as being of great public importance:

> (1) *In light of* **Giles v. California, 554 U.S. 353 (2008) and Crawford v. Washington, 541 U.S. 36 (2004),** *does section 90.804(2)(f), Florida Statutes (2012), violate the Sixth Amendment Confrontation Clause?*

(2) *Does article I, section 16 of the Florida Constitution afford an accused greater protection than the Sixth Amendment of the United States Constitution with regard to confronting adverse witnesses at trial?*[1]

STEVENSON and LEVINE, JJ. concur.
GROSS, J., concurs specially with opinion.

GROSS, J., concurring specially.

I concur in the majority opinion and write to provide further background on the history of this case. A decision in the rules or jury instruction adoption process does not mean that the Supreme Court will not reconsider an issue in the context of an actual case. *See, e.g., In re Amends. to Fla. Rule of Crim. Pro. 3.852,* No. SC13-2295, 2014 WL 1722473, at *1 n.1 (Fla. Apr. 24, 2014) (amending Florida Rule of Criminal Procedure 3.852, on the Court's own motion, in response to the rule's problematic application in a case); *In re Amends. to Std. Jury Instrs. in Crim. Cases—Instr. 7.7,* 41 So. 3d 853, 853 (Fla. 2010) (authorizing the publication and use of an interim standard jury instruction after finding the previously-adopted standard jury instruction constituted fundamental error); *see also Ser-Nestler, Inc. v. Gen. Fin. Loan Co.,* 167 So. 2d 230, 232 (Fla. 3d DCA 1964) ("The Supreme Court is vested with the sole authority to promulgate, rescind and modify [procedural] rules . . . ."). It is possible that in considering the hearsay exception here at issue, the Supreme Court did not have the benefit of full briefing of the constitutional issue involved.

Mortimer was convicted of felony murder and robbery with a firearm. At trial, Edder Joseph was a key state witness. At Mortimer's behest, Joseph was terrorized by drive-by shootings at his home and was later shot in the face, knee, and ankle. *Mortimer v. State,* 100 So. 3d 99, 101-02 (Fla. 4th DCA 2012). By the time of trial, the state was unable to locate Joseph and the trial judge found him to be unavailable. *Id.* at 102. During trial, the state offered Joseph's earlier testimony at a codefendant's bond hearing under the common law hearsay exception of forfeiture by wrongdoing. *Id.* at 102-03. After the trial, in 2012, the legislature codified this common law hearsay exception by enacting section 90.804(2)(f), Florida Statutes (2012). *See* Ch. 2012-152, Laws of Fla.

Section 90.804(2)(f) provides:

---

[1]The Supreme Court did not mention article I, section 16 when it declined to adopt section 90.804(2)(f). However, as Mortimer argues, the Supreme Court is free to apply the Florida Constitution in a way that provides "broader or greater protection" than the United States Constitution. *But see State v. Hosty,* 944 So. 2d 255, 259 n.4 (Fla. 2006).

> (2) The following are not excluded under s. 90.802, provided that the declarant is unavailable as a witness:
>
> ...
>
> > (f) *Statement offered against a party that wrongfully caused the declarant's unavailability.*—A statement offered against a party that wrongfully caused, or acquiesced in wrongfully causing, the declarant's unavailability as a witness, and did so intending that result.

Joseph's earlier testimony falls squarely within the 90.804(2)(f) exception to the rule against hearsay—Joseph was unavailable and Mortimer "wrongfully caused, or acquiesced in wrongfully causing," Joseph's unavailability at trial. In our review of Mortimer's convictions, we found that it was error to admit the testimony under a common law hearsay exception, since section 90.802 provides that hearsay evidence is inadmissible, "[e]xcept as provided by statute." *Mortimer*, 100 So. 3d at 102. Nonetheless, we affirmed the conviction because we found that at any new trial, Joseph's testimony at the bond hearing would be admissible under section 90.804(2)(f).

In a classic example of judicial overconfidence, we wrote that "[i]t is almost certain that our Supreme Court will adopt section 90.804(2)(f)." *Id.* at 104. Relying largely upon Justice Scalia's opinion in *Giles v. California*, 554 U.S. 353 (2008), we reasoned as follows:

> Long part of the common law tradition, this hearsay exception involves a "form[ ] of testimonial statements" that "were admitted at common law even though they were unconfronted." *Giles*, 554 U.S. at 358. The basis for the hearsay exception is deeply rooted in equity and justice; the exception is directed at "conduct designed to prevent a witness from testifying. The absence of a forfeiture rule covering this sort of conduct would create an intolerable incentive for defendants to bribe, intimidate, or even kill witnesses against them." *Id.* at 365.

*Mortimer*, 100 So. 3d at 104.

In 2013, the Florida Supreme Court declined to adopt section 90.804(2)(f) "to the extent it is procedural in light of constitutional concerns," citing *Crawford v. Washington*, 541 U.S. 36 (2004). *In re Amends. to the Fla. Evidence Code,* No. SC13-98, 2013 WL 6500888, at *1 (Fla. Dec. 12, 2013).

The constitutional concern raised by the Florida Supreme Court is whether section 90.804(2)(f) contravenes the Sixth Amendment Confrontation Clause. That concern is allayed by *Giles v. California*, where Justice Scalia explained that *Crawford*'s constitutional bar to unconfronted, out of court testimonial statements did not apply to the "forfeiture by wrongdoing" doctrine, which was codified by Federal Rule of Evidence 804(b)(6). *Giles*, 554 U.S. at 357-68; *see also Davis v. Washington*, 547 U.S. 813, 833 (2006) (describing Rule 804(b)(6) as a rule "which codifies the forfeiture doctrine").

*Giles* recognizes that *Crawford* "acknowledged that two forms of testimonial statements were admitted at common law even though they were unconfronted." 554 U.S. at 358. One of these "forms" was the common law doctrine of forfeiture by wrongdoing, which "permitted the introduction of statements of a witness who was 'detained' or 'kept away' by the 'means or procurement' of the defendant." *Id.* at 359. The forfeiture rule applied when the "defendant engaged in conduct *designed* to prevent the witness from testifying." *Id.* at 359, 365. *Giles* identifies the sound policy reason behind the forfeiture rule: "The absence of a forfeiture rule covering this sort of conduct would create an intolerable incentive for defendants to bribe, intimidate, or even kill witnesses against them." *Id.* at 365.

After demonstrating that admitting unconfronted testimony under the doctrine of forfeiture by wrongdoing does not violate the Sixth Amendment under *Crawford*, *Giles* observes that the Supreme Court approved Rule 804(b)(6) in 1997.[2] *Id.* at 367. The Court refers to eleven of the twelve states that have a similar forfeiture by wrongdoing hearsay exception as being within the holding in *Giles* and *Crawford. Giles*, 554 U.S. at 367 n.2. No federal court that has considered rule 804(b)(6) has found a Sixth

---

[2]The language of Federal Rule of Evidence 804(b)(6) is identical to section 90.804(2)(f):

> **Statement Offered Against a Party That Wrongfully Caused the Declarant's Unavailability.** A statement offered against a party that wrongfully caused—or acquiesced in wrongfully causing—the declarant's unavailability as a witness, and did so intending that result.

Fed. R. Evid. 804(b)(6).

Amendment violation.[3]  No state court has found a Sixth Amendment violation when evaluating an evidentiary rule similar to 90.804(2)(f).[4]

[3]*See United States v. Dinkins*, 691 F.3d 358, 382-83 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 1278 (2013) (noting Rule 804(b)(6) adopted the well-established common law hearsay exception); *United States v. Baskerville*, 448 F. App'x 243, 249 (3d Cir. 2011); *Ponce v. Felker*, 606 F.3d 596, 603-04 (9th Cir. 2010) (finding *Giles* stated a new rule requiring proof of intent, but the forfeiture doctrine has long been established and codified in Rule 804(b)(6)); *Beckett v. Ford*, 384 F. App'x 435, 447 (6th Cir. 2010); *United States v. Nelson*, 242 F. App'x 164, 170-71 (5th Cir. 2007); *United States v. Vallee*, 304 F. App'x 916, 920-21 (2d Cir. 2008); *United States v. Johnson*, 495 F.3d 951, 970-72 (8th Cir. 2007) (finding Rule 804(b)(6) applied to trials prior to the rule's enactment because the legal principle was "well and widely recognized" when the crime took place); *Hodges v. Att'y Gen., State of Fla.*, 506 F.3d 1337, 1344 (11th Cir. 2007) (stating there was no more deserving circumstance to apply the forfeiture by wrongdoing doctrine than the murder of a witness); *United States v. Martinez*, 476 F.3d 961, 967 (D.C. Cir. 2007); *United States v. Montague*, 421 F.3d 1099, 1102 (10th Cir. 2005); *United States v. Rodriguez-Marrero*, 390 F.3d 1, 15-16 (1st Cir. 2004); *United States v. Scott*, 284 F.3d 758, 762 (7th Cir. 2002) (finding it "well-established" that any Confrontation Clause rights are forfeited when a defendant wrongfully procures the unavailability of a witness).

[4]Forty-one states have adopted the forfeiture by wrongdoing exception to the hearsay rule. Twenty-six have adopted the exception either by statute or by rule of evidence.  *See* Ala. R. Evid. 804(b)(5); Ariz. R. Evid. 804(b)(6); Cal. Evid. Code § 1350; Conn. Code Evid. § 8-6(8); Del. R. Evid. 804(b)(6); Ga. Code Ann. § 24-8-804(b)(5); Haw. R. Evid. 804(b)(7); Idaho R. Evid. 804(b)(5); Ill. R. Evid. 804(b)(5); Ind. R. Evid. 804(b)(5); Iowa R. Evid. 5.804(b)(6); Ky. R. Evid. 804(b)(5); La. Code Evid. Ann. Art. 804(B)(7); Mass. R. Evid. 804(b)(6); Md. Code Ann., Cts. & Jud. Proc. § 10-901 (West 2005); Mich. R. Evid. 804(b)(6); Miss. R. Evid. 804(b)(6); N.J. R. Evid. 804(b)(9); N.M. R. Evid. 11-804(B)(5); N.D. R. Evid. 804(b)(6); Ohio R. Evid. 804(B)(6); Pa. R. Evid. 804(b)(6); Tenn. R. Evid. 804(b)(6); Vt. R. Evid. 804(b)(6); Wash. R. Evid. 804(b)(6); Wyo. R. Evid. 804(b)(7).  Our research has located no state court case invalidating any of these rules or statutes.

Fifteen states and the District of Columbia have adopted the forfeiture by wrongdoing exception to the hearsay rule through case law.  See*, e.g., Ross v. State*, No. 09-12-00283-CR, 2013 WL 4774100, at *1 (Tex. App.-Beaumont Sept. 4, 2013, pet. ref'd); *State v. Hawthorne*, 833 N.W.2d 873, at *2 (Wis. Ct. App. 2013), *rev. denied*, 838 N.W.2d 637 (Wis. 2013); *State v. Weathers*, 724 S.E.2d 114, 116 (N.C. Ct. App. 2012), *cert. denied*, 743 S.E.2d 203 (N.C. 2013); *Ward v. United States*, 55 A.3d 840, 848 (D.C. 2012); *Crawford v. Commonwealth*, 704 S.E.2d 107, 123 (Va. 2011); *State v. Cox*, 779 N.W.2d 844, 850-51 (Minn. 2010); *State v. Poole*, 232 P.3d 519, 522-23 (Utah 2010); *Hunt v. State*, 218 P.3d 516, 518 (Okla. Crim. App. 2009); *State v. Mechling*, 633 S.E.2d 311, 325-26 (W. Va. 2006); *People v. Geraci*, 649 N.E.2d 817, 820-21 (N.Y. 1995); *State v. McLaughlin*,

We have held that for the purpose of article V, section 2(a) of the Florida Constitution that section 90.804(2)(f) is a procedural statute. *Mortimer*, 100 So. 3d at 103. The Florida Supreme Court declined to adopt the statute to "the extent that it is procedural," *In re Amendments,* 2013 WL 6500888, at *1, which means that the statute is unconstitutional because it contravenes article V, section 2(a). There is thus no operative statute that would authorize the admission of Joseph's hearsay testimony, a requirement of section 90.802.

Mortimer is entitled to habeas relief because a key assumption of our earlier opinion was in error. We assumed that at any retrial Joseph's hearsay testimony would be admissible. Because the Supreme Court did not adopt section 90.804(2)(f), that is not the case. This is an unusual circumstance that allows an appellate court to correct an erroneous ruling in an earlier appeal to avoid a manifest injustice. *See State v. Akins*, 69 So. 3d 261, 268 (Fla. 2011); *Coleman v. State,* 128 So. 3d. 193, 194 (Fla. 5th DCA 2013); *Haager v. State,* 36 So. 3d 883, 884 (Fla. 2d DCA 2010).

**\*        \*        \***

---

265 S.W.3d 257, 272-73 (Mo. 2008); *Vasquez v. People,* 173 P.3d 1099, 1103 (Colo. 2007); *State v. Tayman,* 960 A.2d 1151, 1155-56 (Me. 2008); *State v. Sanchez,* 177 P.3d 444, 453-54 (Mont. 2008).