IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LOGAN BROOKS DRINKARD,

     Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D13-4517

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed October 8, 2015.

An appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

BENTON, J.

Appellant, Logan Brooks Drinkard, was convicted of manslaughter and sentenced to ten years' imprisonment in the wake of an automobile accident. We affirm his conviction without discussion, but vacate his sentence and remand for resentencing because the record indicates that, in pronouncing sentence, the trial

judge assumed appellant was racing at the time of the accident even though he had been acquitted of that charge at trial. In addition, we reverse the imposition of a discretionary fine and related surcharges and remand for their possible reimposition.

At sentencing, the trial court repeatedly referred to the state's evidence that appellant had been racing on a highway — conduct for which appellant and a co-defendant had been charged and acquitted. "It is a violation of due process for the court to rely on conduct of which the defendant has actually been acquitted when imposing a sentence." Doty v. State, 884 So. 2d 547, 549 (Fla. 4th DCA 2004). "Because it is unclear whether the trial court would have imposed the same sentence absent consideration [of a constitutionally impermissible factor], we must vacate appellant's sentence and remand for resentencing before a different judge." Nawaz v. State, 28 So. 3d 122, 125 (Fla. 1st DCA 2010); see Yisrael v. State, 65 So. 3d 1177, 1178 (Fla. 1st DCA 2011).

"Although an appellate court generally may not review a sentence that is within statutory limits under the Criminal Punishment Code, an exception exists, when the trial court considers constitutionally impermissible factors in imposing a sentence." Nawaz, 28 So. 3d at 124, 125 (reversing and remanding for resentencing where "comments by the trial judge could reasonably be construed to suggest that the trial judge based appellant's sentence, at least in part, on his

2

national origin"). "[I]t is fundamental that the due process clause prohibits a court from considering charges of which an accused has been acquitted in passing sentence." Epprecht v. State, 488 So. 2d 129, 130 (Fla. 3d DCA 1986) (reversing and remanding for resentencing where trial court expressed its "belief that the defendant was guilty of an offense of which he had been acquitted"); see Williams v. State, 8 So. 3d 1266, 1267 (Fla. 1st DCA 2009) (vacating sentence and remanding for resentencing because "the trial court appear[ed] to have relied on Appellant's prior acquittals in sentencing him").

Separately, the state correctly concedes the trial court erred in imposing a discretionary fine pursuant to section 775.083(1), Florida Statutes, "without specifically pronouncing the fine at the sentencing hearing." Nix v. State, 84 So. 3d 424, 426 (Fla. 1st DCA 2012) ("By contrast [to statutorily-mandated costs], discretionary costs must be orally pronounced at sentencing because such costs may not be imposed without affording the defendant notice and an opportunity to be heard."). We therefore reverse the imposition of the discretionary fine and associated surcharges. "On remand, the trial court may reimpose the fine and surcharge[s] after providing notice to Appellant and following the proper procedure." Id.

Affirmed in part, reversed in part, and remanded for resentencing.

ROWE and MARSTILLER, JJ., CONCUR.

3