# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4815

_____

ROBERT MULLALY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Bruce Anderson, Judge.

December 31, 2018

PER CURIAM.

Robert Mullaly appeals his life sentence. We reverse and remand for resentencing because, in sentencing Mr. Mullaly, the trial judge relied on a 1993 assault charge, which was dropped.

Mr. Mullaly was found guilty of rape in 1973 and was required to be treated with sexual psychotherapy as a prerequisite to his sentencing. *See Slappey v. State*, 584 So. 2d 1108 (Fla. 1st DCA 1991). *See also Haager v. State*, 36 So. 3d 883, 884 (Fla. 2d DCA 2010) (describing the sentencing scheme applicable to sex offenders in the 1970s). But the court sentenced him to life in prison without the required treatment. In 2015, Mr. Mullaly filed a motion to vacate the 1973 judgment and sentence and to hold a new sentencing because of the error. The court granted his motion,

vacated the 1973 judgment and sentence, and found that he completed the requisite treatment. Mr. Mullaly was then resentenced to life in prison.

At Mr. Mullaly's resentencing, the trial court considered the mitigating factors, as well as the aggravating events that happened while Mr. Mullaly was on parole. One of the events was an alleged 1993 assault on his wife, a charge that was dropped. The trial court mentioned it twelve times in the course of Mr. Mullaly's resentencing and appeared to consider it an aggravator.

Under these circumstances, we agree with Mr. Mullaly that the trial judge sentenced him improperly, by relying partly on the alleged 1993 assault on his wife. *See Drinkard v. State*, 177 So. 3d 993, 994 (Fla. 1st DCA 2015) (remanding for resentencing, because "[a]t sentencing, the trial court repeatedly referred to the state's evidence that appellant had been racing on a highway — conduct for which appellant and a co-defendant had been charged and acquitted"). And the State failed to show that the alleged 1993 assault "played no part in the sentence imposed." *See Williams v. State*, 8 So. 3d 1266, 1267 (Fla. 1st DCA 2009) (citations omitted) ("When portions of the record show the trial court relied upon prior acquittals in determining a defendant's sentence, the State has the burden to demonstrate those considerations 'played no part in the sentence imposed.'").

Accordingly, we reverse Mr. Mullaly's sentence and remand for sentencing before a different judge.

REVERSED and REMANDED.

MAKAR, OSTERHAUS, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

2

Andy Thomas, Public Defender, and Jasmine Russell, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.